EUCLID PLAZA ASSOCIATES, L.L.C., Appellant,

v.

ROBERTS PLAZA, L.L.C. and Roberts Brothers Properties II, L.L.C., Respondents.

No. ED 86362.

Missouri Court of Appeals, Eastern District, Division Two.

April 18, 2006.

Elkin L. Kistner, St. Louis, MO, for appellant.

Daniel C. Nelson, Donald U. Beimdiek, Ann E. Buckley, St. Louis, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J., GEORGE W. DRAPER III, J., and KENNETH M. ROMINES, J.

**ORDER**

PER CURIAM.

Euclid Plaza Associates, L.L.C. (hereinafter, "Euclid Plaza") brought suit against Roberts Plaza, L.L.C. and Roberts Brothers Properties II, L.L.C. (hereinafter and collectively, "Roberts Brothers Properties") for declaratory judgment and damages based upon the reciprocal easement

agreement (hereinafter "REA") recorded between their parcels of property. Following a bench trial, the trial court issued its judgment, finding the REA to be null and void and quieting title in favor of Roberts Brothers Properties. Further, the judgment permanently enjoined Euclid Plaza from use or suggested use of Roberts Brothers Properties for parking by Euclid Plaza. Euclid Plaza appeals, claiming the trial court erred in finding: (1) the REA never created an easement over its property due to the absence of a dominant and servient relationship; (2) Euclid Plaza lacked standing to enforce the REA; (3) the foreclosure by Roberts Brothers Properties extinguished the easement; (4) the REA's purpose failed after Roberts Brothers Properties acquired the deeds of trust from the insurer; (5) Euclid Plaza had unclean hands and it thereby waived its rights under the REA; and (6) Euclid Plaza's conduct in restricting parking on its lot constituted wrongful conduct.

We have reviewed the briefs and the record on appeal and find the claims of error to be without merit. No precedential or jurisprudential purposes would be served by an opinion restating the detailed facts and principles of law. We have, however, provided a memorandum for use of the parties only, setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 84.16(b).